UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAPOLEON APARTMENTS, LLC | Case No. 2:23-cv-4374 |
| Plaintiff, | |
| | Judge Greg G. Guidry |
| v. | |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | Magistrate Judge Janis van Meerveld |
| Defendant. | |

**ORDER AND REASONS**

  The Court has before it Defendant Independent Specialty Insurance Company's ("ISIC") Motion to Compel Arbitration and Stay the above-captioned matter. R. Doc. 13. Plaintiff Napoleon Apartments, LLC has responded in opposition, R. Doc. 16, and ISIC has submitted a reply memorandum, R. Doc. 19. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT ISIC's Motion.

  Plaintiff does not contest that the surplus lines insurance policy between itself and ISIC requires all matters in dispute arising thereunder to be referred to arbitration, but argues that this arbitration agreement is unenforceable under Louisiana law pursuant to La. R.S. § 22:868(A)(2). R. Doc. 16 at 3–13. While it is true that some district courts in sitting in Louisiana have affirmed that argument, this Court has repeatedly rejected it, holding that surplus lines insurance policies are exempted from the prohibitions in La. R.S. § 22:868(A)(2) by La. R.S. § 22:868(D). *See, e.g.*, *Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 7154117 (E.D. La. Oct. 31,

1

2023); *Heart 2 Heart Fam. Worship Ctr. v. Indep. Specialty Ins. Co.*, 2023 WL 8494536, at *1 (E.D. La. Nov. 1, 2023); *Ramsey v. Independent Specialty Insurance Company*, 2023 WL 5034646 (E.D. La., Aug. 8, 2023); *Risa Bourgeois and Eddie Bourgeois v. Independent Specialty Insurance Company*, 2023 WL 6644171 (E.D. La. Oct. 12, 2023); *Beachcorner Properties, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 7280516 (E.D. La. Nov. 3, 2023); *Southland Circle, LLC v. Independent Specialty Insurance Company*, 2023 WL 7688570 (E.D. La. Nov. 15, 2023); *The Cornerstone Association, d/b/a Cornerstone Condominium Association. v. Indep. Specialty Ins. Co.*, 2023 WL 8257987 (E.D. La. Nov. 29, 2023). Plaintiff fails to address these numerous persuasive precedents, and the Court finds no compelling reason to reconsider them at this time. As this Court has previously explained,

> Although generally prohibited in Louisiana insurance contracts under La, R.S. 22:868(A), La. R.S. 22:868(D) allows surplus lines insurers to include forum and venue selection clauses in their policies. Louisiana courts explicitly recognize arbitration clauses as a type of forum selection clause. Surplus lines insurers are thus not prohibited from including arbitration clauses in their policies. ISIC is a surplus lines insurer. Therefore, Louisiana law does not prohibit the enforcement of the . . . arbitration clause: it is binding, and [Plaintiff] must arbitrate its claims[.]

*Heart 2 Heart Fam. Worship Ctr.*, 2023 WL 8494536, at *2.

The same applies here. Accordingly,

**IT IS ORDERED** that ISIC's Motion to Compel Arbitration and Stay, R. Doc. 13, is **GRANTED** and this matter is hereby **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration. Any party may move to reopen this matter within 60 days of the conclusion of any arbitration proceedings, if necessary.

New Orleans, Louisiana, this 1st day of February, 2024.

2

_____
Greg Gerard Guidry
United States District Judge